IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

HUSSEIN DARWICHE,

        Plaintiff,

v.

NORFOLK SOUTHERN CORPORATION,

        Defendant.

Civil Action No. _____

**JURY TRIAL DEMANDED**

**Electronically Filed**

## NOTICE OF REMOVAL

AND NOW, comes Defendant, Norfolk Southern Corporation ("NSC"), by and through its counsel, Dickie, McCamey & Chilcote, P.C., and removes the above-captioned lawsuit pursuant to 28 U.S.C. § 1441 *et seq.* from the Circuit Court for the County of Wayne, Michigan to the United States District Court for the Eastern District of Michigan, averring as follows:

    1.    On February 3, 2023, a Norfolk Southern train derailed in East Palestine, Ohio. On February 21, 2023, the United States Environmental Protection Agency (USEPA) issued a Unilateral Administrative Order (UAO) to oversee the cleanup of the derailment site pursuant to Section 106(a) of the Comprehensive Environmental Response Compensation and Liability Act (CERCLA), 42 U.S.C. § 9606(a). *See* UAO, attached as Exhibit A.

    2.    Plaintiff Hussein Darwiche initiated this action on or about March 17, 2023 by filing a Complaint in the Circuit Court for the County of Wayne, Michigan at Case No. 23-003421 (hereinafter "the State Court"). Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit B are true and correct copies of Plaintiff's Complaint, First Amended Complaint, and all other process, pleadings, and orders, if any, that have been served on NSC and filed to date in the State Court.

3. Plaintiff asserts claims against NSC for private and public nuisance and requests injunctive relief. Am. Compl. ¶¶ 25-39.

4. Specifically, Plaintiff seeks an injunction to preclude NSC from transporting, storing, or disposing of any waste materials from the federally led cleanup to any treatment or disposal site in the State of Michigan, even those that have been approved to receive such material by USEPA. *See* Am. Compl. ¶¶ 33-39 and Prayer for Relief.

5. NSC seeks to remove this action pursuant to 28 U.S.C. § 1441 *et seq.* because (1) NSC was acting as a federal officer at the time of the allegations in the Amended Complaint pursuant to 28 U.S.C. § 1442(a)(1); (2) Plaintiff's cause of action raises a federal question under 28 U.S.C. § 1331; and (3) complete diversity exists pursuant to 28 U.S.C. § 1332. Removal to this Court is proper under each of these bases individually.

**Removal for Federal Officer Jurisdiction Under 28 U.S.C. § 1442(a)(1)**

6. The federal-officer removal statute allows removal of an action against or directed to "any officer (or any person acting under that officer) of the United States or of any agency thereof . . . for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1).

7. Where a defendant is a private party, it "must satisfy three requirements in order to invoke the federal-officer removal statute: (1) [it] must establish that [it] acted under a federal officer, (2) those actions must have been performed under color of federal office, and (3) [it] must raise a colorable federal defense." *Mays v. City of Flint*, 871 F.3d 437, 442–43 (6th Cir. 2017). NSC satisfies each of these requirements.

2

8. First, the First Amended Complaint challenges conduct that NSC *must* perform under a federal order issued by the USEPA pursuant to CERCLA. *Mays*, 871 F.3d at 444. NSC is thus acting under a federal officer.

9. Second, NSC's actions under the UAO (transporting and disposing of waste) are being performed "under color of federal office" at the direct order of the USEPA. UAO ¶ 36 (requiring NSC to "perform all actions necessary . . . to transport[] and dispose of identified hazardous substances pollutants, and contaminants at EPA-approved disposal facilities"); *cf. Mays*, 871 F.3d at 446 (rejecting jurisdiction where there were no "specific actions or inactions alleged in the complaint that the EPA required [defendants] to take or refrain from taking").

10. Third, NSC has raised at least a "colorable federal defense," *Mays*, 871 F.3d at 442, that Plaintiff's First Amended Complaint is barred by conflict preemption. Were Plaintiff's desired relief granted, NSC's "compliance with both federal and state regulations" would be "a physical impossibility" since NSC could not comply with both the injunction and the UAO. *Fla. Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142–43 (1963). As a result, because of the "actual conflict" between such an injunction and USEPA's removal plan, "[t]his is a case of conflict preemption." *United States v. City & Cnty. of Denver*, 100 F.3d 1509, 1513 (10th Cir. 1996) (holding preempted a local ordinance in direct conflict with an USEPA remedial order).

11. Because Plaintiffs' First Amended Complaint is brought against a person (1) acting under a federal officer, (2) performing actions under color of federal office, and (3) raising a colorable federal defense, removal under the federal-officer removal statute is appropriate under 28 U.S.C. § 1442(a)(1).

**Removal for Federal Question Jurisdiction Under 28 U.S.C. § 1331**

12.     Plaintiffs' First Amended Complaint is independently removable because it belongs to the "'special and small category of cases' that originate in state law yet still arise under federal law for purposes of federal question jurisdiction." *Atl. Richfield Co. v. Christian*, 140 S. Ct. 1335, 1350 n.4 (2020) (quoting *Gunn v. Minton*, 568 U.S. 251, 258 (2013)).  Under this rule, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258.  Each requirement is satisfied here.

13.     First, Plaintiff's First Amended Complaint presents a direct challenge to the federal environmental cleanup currently underway in East Palestine, Ohio, pursuant to CERCLA and the UAO issued by USEPA.  (*See* UAO, Exhibit A.)  Plaintiff seeks to dictate how wastes from the cleanup may be transported and disposed.  Am. Compl. ¶¶ 24, 31, 39. Because it is impossible to grant Plaintiff's relief without examining whether that relief conflicts with the UAO, the First Amended Complaint "necessarily raise[s]" a federal question.  *Gunn*, 568 U.S. at 258; *Atl. Richfield*, 140 S. Ct. at 1350 n.4 (describing federal question jurisdiction over "state common law claims" related to a CERCLA cleanup where the claims "necessarily raise[] a federal issue").

14.     Second, Plaintiff seeks relief that NSC asserts is preempted by the UAO. Because the federal question of that preemption must be resolved for Plaintiff to receive the relief he seeks, it is "actually disputed." *Gunn*, 568 U.S. at 258.

15.     Third, the federal question is substantial for numerous reasons, including (1) the case involves a federal agency (the USEPA); (2) Plaintiff's First Amended Complaint

4

threatens, at a minimum, to delay an environmental cleanup; (3) the decision on the federal question (*i.e.*, whether USEPA's UAO preempts the Plaintiff's requested relief) will resolve the case; and (4) the decision will have a broad impact and affect whether NSC may transport waste to *any* disposal facility *anywhere* in Michigan. The potential for a state-law complaint like Plaintiff's to interfere with CERCLA cleanups is of substantial "importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260.

16. Fourth and finally, the exercise of federal jurisdiction is consistent with and would not disturb the balance of federal and state responsibilities. CERCLA created broad federal responsibility for cleanups of contaminated sites. As an appropriate complement to that federal role, federal jurisdiction over this claim simply provides "a federal forum … to assert a federal claim of immunity." *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 152 (2007).

17. Removal is therefore independently proper under 28 U.S.C. § 1441(a).

**Removal for Diversity Jurisdiction Under 28 U.S.C. § 1332**

18. Plaintiff's First Amended Complaint is also independently removable on the ground of diversity jurisdiction. As explained above, Plaintiff requests an injunction to prevent NSC from transporting and disposing of alleged "toxic chemicals" in the entire State of Michigan, and to remediate any effects from the alleged previous transportation, storage, or disposal of the alleged toxic chemicals, including "necessary oversight, testing, and sampling of the containment area, and necessary maintenance to ensure proper containment." Am. Compl. ¶¶ 33-39 and Prayer for Relief.

19. Moreover, Plaintiff's First Amended Complaint does not explicitly seek compensatory damages, but does not disclaim them, and requests "such other and further relief as the Court deems just and proper." Am. Compl., Prayer for Relief.

20. Although Plaintiff's First Amended Complaint does not quantify his claimed damages, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. If this Court were to grant Plaintiff's requested relief, to which NSC denies Plaintiff is entitled, the estimated cost for NSC to comply with any injunction and remediate the alleged harm would exceed the amount in controversy for diversity jurisdiction.

21. Under Sixth Circuit precedent, "the costs of complying with an injunction . . . may establish the amount-in-controversy." *Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 560 (6th Cir. 2010). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977) (citing cases).

22. When considering the cost of complying with an injunction to remediate environmental harm, the estimates of the parties can carry weight. *See Brown v. Paducah & Louisville Ry., Inc.,* 2013 U.S. Dist. LEXIS 132608, at *10 n.4 (W.D. Ky. Sep. 16, 2013) (noting the defendant's estimated cost of remediation is properly considered to estimate the amount in controversy); *Stapleton v. Skyline Terrace Apartments*, 2018 U.S. Dist. LEXIS 42032, at *11 (N.D. Ohio Mar. 14, 2018) (utilizing estimate to remediate bed bug infestation in amount in controversy calculation).

23. In this case, Plaintiff requests that NSC not only be required to transport its alleged hazardous materials to another State, thus incurring increased transportation and

6

storage costs, but that NSC remediate the site(s) where the materials were allegedly stored and disposed of.

24. Although NSC disputes that there has been any harm and that any remediation is necessary, NSC reasonably believes that the value of the object of the litigation, i.e., the estimated cost to remediate the alleged harm, from either the Plaintiff's or NSC's perspective, would be within a range of hundreds of thousands of dollars just by abandoning the well and removing impacted material, which therefore exceeds the amount in controversy requirement for diversity jurisdiction. NSC bases this estimate on the cost of similar remediation activities undertaken by its contractor.

25. This is an action between parties of diverse citizenship. Specifically,

    a. Upon information and belief, at the time this action was commenced and continuing to present, Plaintiff Hussein Darwich was and is a citizen of the State of Michigan.

    b. At the time this action was commenced and continuing to present, Defendant NSC was and is a Virginia corporation with its principal place of business in Atlanta, Georgia.

26. Therefore, the United States District Court for the Eastern District of Michigan has original jurisdiction pursuant to 28 U.S.C. § 1332: there exists complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## CONCLUSION

27. This action is removable from the Circuit Court for the County of Wayne, Michigan pursuant to the provisions of 28 U.S.C. § 1441 *et seq.* NSC has not yet been served

with process but has filed the within Notice of Removal within 30 days of the filing of the lawsuit.  28 U.S.C. § 1446.

28. Written notice of the filing of this Notice of Removal will be promptly served upon Plaintiff's counsel after filing the same with the United States District Court for the Eastern District of Michigan, as required by law.

29. Additionally, a true and correct copy of this Notice of Removal will be filed with the Clerk of the Circuit Court for the County of Wayne, Michigan promptly after filing of the same with the United States District Court for the Eastern District of Michigan, as required by law.

30. In filing this Notice of Removal, Defendant does not waive any affirmative defenses it may assert in this action and reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant, Norfolk Southern Corporation, prays that this case be removed from the Circuit Court for the County of Wayne, Michigan to the United States District Court for the Eastern District of Michigan.

                                      Respectfully submitted,

                                      DICKIE, McCAMEY & CHILCOTE, P.C.

                                      By: /s/Timothy S. Groustra
                                            Timothy S. Groustra (P48966))
                                            89 Kercheval Avenue, Suite 200
                                            Grosse Pointe Farms, MI 48236
                                            313.308.2030 – Telephone
                                            888.811.7144 – Facsimile
                                            tgroustra@dmclaw.com
                                            Counsel for Defendant,

Dated:  March 31, 2023                        Norfolk Southern Corporation

**PROOF OF SERVICE**

On March 31, 2023, I served, via courts email, a copy of the foregoing upon all counsel of record at their respective addresses. I declare under penalty of perjury that this statement is true to the best of my knowledge, information, and belief.

/s/ HOLLY R. PESESKI

---

HOLLY R. PESESKI