# EXHIBIT "B"

Carlita McMiller 3/16/2023 8:25 AM WAYNE COUNTY CLERK Cathy M. Garrett FILED IN MY OFFICE 23-003421-CZ

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

HUSSEIN DARWICH,

    Plaintiff,

vs.

NORFOLK SOUTHERN CORPORATION,

    Defendants.
_____/

Case No. 23 -           - CZ
Honorable

MICHAEL JAAFAR LAW FIRM
Michael Jaafar (P69782)
David Ienna (P77170)
Hussein Rahal (P79471)
Attorney for Plaintiff
6304 Orchard Lake Rd
West Bloomfield Township, MI 48322
313-918-1706
_____/

## COMPLAINT

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the Complaint.

    /s/ Michael Jaafar (69782)

Plaintiff, HUSSEIN DARWICH ("Plaintiff"), by and through their attorney, MICHAEL JAAFAR LAW FIRM, states as and for their Complaint as follows:

### NATURE OF ACTION

1. This is a civil action seeking injunctive relief and monetary damages arising from the Defendants' failure to conserve and protect the State's natural resources for current and future generations.

2. This lawsuit seeks to hold Defendants accountable for the injuries caused to the general public and the natural resources of the State of Michigan, and to vindicate the public's right to safely access and use the natural resources of the State.

3. This suit seeks civil damages and injunctive relief against Defendant for their gross mismanagement of the natural resources and the harm caused to the general public.

## PARTIES

4. Plaintiff, HUSSEIN DARWICH ("Plaintiff"), is a resident of Wayne County, State of Michigan.

5. Defendant NORFOLK SOUTHERN CORPORATION ("Norfolk Southern" or "Defendant") ) is a corporate entity with a principal place of business located at 650 W. Peachtree Street NW, Atlanta, GA 30308.  The agent of service for the corporation is J. Steven Stewart, with a physical address of 577 Mulberry Street 1500, Macon, GA 31201.

## JURISDICTION AND VENUE

6. This matter is within the jurisdiction of this Court because it involves equitable relief and a claim for damages of at least $25,000.00.

7. The venue in this Court is proper because the activity Plaintiff seek to enjoin occurred and is occurring in Wayne County, State of Michigan.

## FACTUAL ALLEGATIONS

8. Plaintiff incorporate and re-allege the foregoing Paragraphs as if fully restated herein.

9. On February 3, 2023, a devastating train derailment occurred in East Palestine, Ohio, while carrying toxic or hazardous materials in 38 cars of a Norfolk Southern freight train.

10. Upon information and belief, the U.S. Environmental Protection Agency ordered Norfolk Southern to clean up the spilled chemicals from the soil and water in East Palestine.

11. Norfolk Southern made the decision to start shipping the hazardous materials to Michigan.

12. The hazardous materials from East Palestine, Ohio were brought Norfolk Southern to two sites in Van Buren Township and Romulus, both in Wayne County, Michigan, beginning on or around February 23, 2023.

13. Michigan officials were allegedly unaware that this activity by Norfolk Southern was taking place until after the fact.

14. The Michigan Department of Environment, Great Lakes, and Energy (formerly known as the Department of Environmental Equality or "DEQ", herein referred to as "EGLE"), is the agency tasked with enforcing Michigan's environmental laws, was not even made aware that the transport and disposal of the toxic materials would take place in Michigan.

15. Once this activity became known to the general public, outcry from public officials and citizens lead to the ceasing of this activity by Norfolk Southern.

16. The transport of these toxic materials were never monitored by the appropriate experts and authorities to ensure none of the material was released into the environment.

17. By nature of the toxic materials, which are transporting in 100% liquid form, it is presumably impossible to prevent even a small amount of leaking during the transport and disposal process.

18. Upon information and belief, Norfolk Southern did not dump the material in a safe and controlled manner, making it impossible to remove the toxic chemicals in a way that satisfies the safety standards of the state of Michigan.

19.     Specifically, the Republic Services injection well used to dispose some of the toxic materials in Romulus, Michigan, has a very checkered compliance history as just last July, they were found in violation of the Resource Conservation and Recovery Act.

20.     Norfolk Southern's actions have caused potential significant harm to Michigan's environment and its residents, including the Plaintiff. The toxic and hazardous chemical material can contaminate groundwater, soil, and air, causing serious health risks and environmental damage.

21.     Plaintiff, as a member of the general public, suffered and continue to suffer irreparable harm as a result of Norfolk Southern's actions by failing to protect Michigan's environment and public health.

22.     Norfolk Southern knew or should have known that these circumstances would cause a drastic impact on public health and Michigan's environment.

23.     Norfolk Southern's actions caused the transportation and dumping of toxic chemical materials in Michigan, putting the public and the environment at risk.

24.     Plaintiff have suffered and will continue to suffer irreparable harm because of Norfolk Southern's actions, if not ordered to discontinue all disposal of toxic waste in Michigan.

## COUNT I
## COMMON LAW PRIVATE AND PUBLIC NUISANCE

25.     Plaintiff incorporate and re-allege the foregoing Paragraphs as if fully restated herein.

26.     Defendant has interfered with the Plaintiff's and the general public's enjoyment of their property and well-being by negligently transporting and storing toxic waste in Michigan where the Plaintiff resides.

27.     Defendant's actions in causing the interference are unreasonable.

28. Defendant's interference, particularly if allowed to continue, will cause substantial physical harm to the Plaintiff and the general public.

29. Defendant's actions have and will continue to be the direct cause of Plaintiff's and the general public's harm, should they be allowed to continue to transport and dispose of toxic waste in Michigan,

30. The Defendant has no right or privilege to engage in their actions causing the interference.

31. Plaintiff is therefore entitled to monetary damages and injunctive relief under the common law doctrines of private and public nuisance.

## COUNT II
## INJUNCTIVE RELIEF

32. Plaintiff incorporates and re-allege the foregoing Paragraphs as if fully restated herein.

33. Plaintiff requests that the Court issue an order requiring Norfolk Southern to immediately cease the transportation and dumping of toxic chemicals from Ohio to Michigan, and to take any necessary steps to remediate the harm caused by its recent activities.

34. Should an injunction not be entered, the Plaintiff will suffer irreparable harm, and money damages will be inadequate to remedy such harm.

35. Specifically, the potential harm caused by the transportation of toxic materials cannot be undone or adequately compensated and the potential harm to the environment is unquantifiable.

36. Defendant's actions violate Michigan's public policy against dangerous materials being illegally and/or negligently transported and disposed of in an unsafe manner in violation of all relevant state and federal regulations.

5

37. The potential harm to the Plaintiff and the general public far outweighs any potential harm to Norfolk Southern in finding alternatives methods and locations of disposal outside of Michigan.

38. The granting of this injunction serves the public interest in promoting the health, safety, and welfare of the general public which includes the Plaintiff.

39. Plaintiff is therefore entitled to a judgment being entered enjoining the Defendant from transporting any further toxic materials into the State of Michigan.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court enter judgment in its favor and against Defendants as follows:

A. Issue an injunction enjoining Norfolk Southern from the disposal of waste materials from Ohio to Michigan;

B. Declare that Norfolk Southern's actions violate Michigan's public policy;

C. Award monetary damages for their violation of the common doctrine of private and public nuisance.

D. Grant such other and further relief as the Court deems just and proper.

Respectfully Submitted,

MICHAEL JAAFAR LAW FIRM

/s/ Michael Jaafar
Michael Jaafar (P69782)
Attorney for Plaintiff
6304 Orchard Lake Rd
West Bloomfield Township, MI 48322
313-918-1706

Dated: March 15, 2023

6

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

HUSSEIN DARWICHE,

      Plaintiff,

vs.

NORFOLK SOUTHERN CORPORATION,

      Defendants.

_____/

Case No.   23-003421-CZ
Honorable Charlene M. Elder

MICHAEL JAAFAR LAW FIRM
Michael Jaafar (P69782)
David Ienna (P77170)
Hussein Rahal (P79471)
Attorney for Plaintiff
6304 Orchard Lake Rd
West Bloomfield Township, MI 48322
313-918-1706
_____/

## **FIRST AMENDED COMPLAINT**

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the Complaint.

    /s/ Michael Jaafar (69782)

Plaintiff, HUSSEIN DARWICHE ("Plaintiff"), by and through their attorney, MICHAEL JAAFAR LAW FIRM, states as and for their First Amended Complaint as follows:

## **NATURE OF ACTION**

1. This is a civil action seeking injunctive relief arising from the Defendants' failure to conserve and protect the State's natural resources for current and future generations.

2. This lawsuit seeks to prevent the Defendant from causing injury to Plaintiff, the general public, and the natural resources of the State of Michigan.

3.      This suit seeks injunctive relief against Defendant for their gross mismanagement of the natural resources and the harm caused to the general public.

## PARTIES

4.      Plaintiff, HUSSEIN DARWICH ("Plaintiff"), is a resident of Wayne County, State of Michigan.

5.      Defendant NORFOLK SOUTHERN CORPORATION ("Norfolk Southern" or "Defendant") ) is a corporate entity with a principal place of business located at 650 W. Peachtree Street NW, Atlanta, GA 30308.  The agent of service for the corporation is J. Steven Stewart, with a physical address of 577 Mulberry Street 1500, Macon, GA 31201.

## JURISDICTION AND VENUE

6.      The venue in this Court is proper because the activity Plaintiff seek to enjoin occurred and could occur again in Wayne County, State of Michigan.

## FACTUAL ALLEGATIONS

7.      Plaintiff incorporate and re-allege the foregoing Paragraphs as if fully restated herein.

8.      On February 3, 2023, a devastating train derailment occurred in East Palestine, Ohio, while carrying toxic or hazardous materials in 38 cars of a Norfolk Southern freight train.

9.      Upon information and belief, the U.S. Environmental Protection Agency ordered Norfolk Southern to clean up the spilled chemicals from the soil and water in East Palestine.

10.     Norfolk Southern decided to start shipping the hazardous materials to Michigan.

11.     The hazardous materials from East Palestine, Ohio were brought Norfolk Southern to two sites in Van Buren Township and Romulus, both in Wayne County, Michigan, beginning on or around February 23, 2023.

12. Michigan officials were allegedly unaware that this activity by Norfolk Southern was taking place until after the hazardous materials were placed into the ground.

13. The Michigan Department of Environment, Great Lakes, and Energy (formerly known as the Department of Environmental Equality or "DEQ", herein referred to as "EGLE"), is the agency tasked with enforcing Michigan's environmental laws, was not even made aware that the transport and disposal of the toxic materials would take place in Michigan.

14. Once this activity became known to the general public, outcry from public officials and citizens lead to the ceasing of this activity by Norfolk Southern.

15. The transport of these toxic materials were never monitored by the appropriate experts and authorities to ensure none of the material was released into the environment.

16. By nature of the toxic materials, which are transporting in 100% liquid form, it is presumably impossible to prevent even a small amount of leaking during the transport and disposal process.

17. Upon information and belief, Norfolk Southern did not dump the material in a safe and controlled manner, making it impossible to remove the toxic chemicals in a way that satisfies the safety standards of the state of Michigan.

18. Specifically, the Republic Services injection well used to dispose some of the toxic materials in Romulus, Michigan, has a checkered compliance history as just last July, they were found in violation of the Resource Conservation and Recovery Act.

19. The hazardous materials were placed into the injection well without necessary safeguards and oversight to ensure that the process was safe, and that the containment of the hazardous materials will remain safe without harming the local environment,

20. Norfolk Southern's actions have caused potential significant harm to Michigan's environment and its residents, including the Plaintiff. The toxic and hazardous chemical material can contaminate groundwater, soil, and air, causing serious health risks and environmental damage.  Without adequate safeguards, and monitoring, the risk of harm will persist unabated.

21. Plaintiff, as a local resident and member of the general public, suffered and continues to suffer irreparable harm, or is at a risk of irreparable harm, as a result of Norfolk Southern's actions by failing to protect Michigan's environment and public health.

22. Norfolk Southern knew or should have known that these circumstances would cause a drastic impact on public health and Michigan's environment without adequate monitoring and safety controls.  Norfolk Southern failed to notify Michigan officials and authorities in advance, which would have permitted State officials to ensure proper assessment of the safety of the proposed "dump," including proper oversight of the proposed containment site, and to ensure that the delivery and containment methods are safe and sustainable.

23. Norfolk Southern's actions caused the transportation and dumping of toxic chemical materials in Michigan, putting the public and the environment at risk.

24. Plaintiff have suffered and will continue to suffer irreparable harm because of Norfolk Southern's actions, if not ordered to discontinue all disposal of toxic waste in Michigan.

## COUNT I
## COMMON LAW PRIVATE AND PUBLIC NUISANCE

25. Plaintiff incorporate and re-allege the foregoing Paragraphs as if fully restated herein.

26. Defendant has interfered with the Plaintiff's and the general public's enjoyment of their property and well-being by negligently transporting and storing toxic waste in Michigan where the Plaintiff resides, which threatens to contaminate the local groundwater and environment.

27. Defendant's actions in causing the interference are unreasonable.

28. Defendant's interference, particularly if allowed to continue, will cause substantial physical harm to the Plaintiff and the general public.

29. Defendant's actions have and will continue to be the direct cause of Plaintiff's and the general public's harm, should they be allowed to continue to transport and dispose of toxic waste in Michigan,

30. The Defendant has no right or privilege to engage in their actions causing the interference.

31. Plaintiff is therefore entitled to injunctive relief under the common law doctrines of private and public nuisance.

## COUNT II
## INJUNCTIVE RELIEF

32. Plaintiff incorporates and re-allege the foregoing Paragraphs as if fully restated herein.

33. Plaintiff requests that the Court issue an order requiring Norfolk Southern to immediately cease the transportation and dumping of toxic chemicals from Ohio to Michigan, and to take any necessary steps to remediate the harm caused by its recent activities, including necessary oversight, testing, and sampling of the containment area, and necessary maintenance to ensure proper containment.

34. Should an injunction not be entered, the Plaintiff will suffer irreparable harm, and money damages will be inadequate to remedy such harm.

35. Specifically, the potential harm caused by the transportation of toxic materials cannot be undone or adequately compensated and the potential harm to the environment is unquantifiable.

36. Defendant's actions violate Michigan's public policy against dangerous materials being illegally and/or negligently transported and disposed of in an unsafe manner in violation of all relevant state and federal regulations.

37. The potential harm to the Plaintiff and the general public far outweighs any potential harm to Norfolk Southern in finding alternatives methods and locations of disposal outside of Michigan.

38. The granting of this injunction serves the public interest in promoting the health, safety, and welfare of the general public which includes the Plaintiff.

39. Plaintiff is therefore entitled to a judgment being entered enjoining the Defendant from transporting any further toxic materials into the State of Michigan.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court enter judgment in its favor and against Defendants as follows:

A. Issue an injunction enjoining Norfolk Southern from the disposal of waste materials from Ohio to Michigan;

B. Declare that Norfolk Southern's actions violate Michigan's public policy;

C. Grant such other and further relief as the Court deems just and proper.

Respectfully Submitted,

MICHAEL JAAFAR LAW FIRM

/s/ Michael Jaafar
Michael Jaafar (P69782)
Attorney for Plaintiff
6304 Orchard Lake Rd
West Bloomfield Township, MI 48322
313-918-1706

Dated: March 17, 2023